Viale *v.* Viale, Appellant.

Argued April 28, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Louis A. Barmen,* for appellant.

*Robert R. Elder,* for appellee.

OPINION BY BALDRIGE, J., July 14, 1933:

This is an appeal from an order granting a divorce on the ground of adultery.

The parties were married on May 10, 1917. To this union two children were born, now 12 and 14 years of age, who are living with the respondent. With the exception of a few short separations, this couple lived together as man and wife until the 14th of January, 1928. Thereafter they continued to live in the same house, but the libellant occupied the rooms on the first floor and the respondent the rooms on the second floor, until September 1, 1928. The husband contended that his wife deserted him, while she claimed that she was forced to leave on account of his mistreatment—physically assaulting her, etc., and ordering her from the house. The respondent thereafter resided at various places, finally moving to Lincoln Avenue, in the City of Pittsburgh, where her brother, for a period of time, and two young women roomed with her. The husband went to the home at different times, and on one of these visits committed an assault upon a man calling on one of the roomers, broke up some of the furniture, and, as a result, was arrested. On another occasion, he got into the house by entering a window at a very early hour in the morning, when he, admittedly, was under the influence of drink. After the separation, the wife, at times, was in company with one, Harry Stein. Notwithstanding the husband's vigilance in endeavoring to discover wrongdoing by her, there was no evidence that her friendly relationship with Stein involved immoral conduct.

The libellant, to support the charge of infidelity, relies chiefly on his wife's conduct on July 9, 1929. The respondent, Harry Stein, his brother, and two women to whom the respondent was introduced that night by the brother, took an automobile ride in an open car. About ten o'clock they arrived at a barbecue stand.

There is some dispute as to whether or not it was raining at that particular time. In any event, a storm was approaching, and, if not then raining, it started very shortly thereafter. Neither Stein nor his brother was called as a witness. The other two women in the party testified that when the car stopped, Harry Stein invited the respondent to get out of the car with him "to pick lettuce;" that they took a blanket from the car and sought shelter in an open vestibule, about 3 feet wide and 6 to 7 feet long, on the side of a school house, 150 to 200 feet distant from the barbecue stand. The respondent denied taking a blanket or that there was one in the car. Monica Heidler, the only witness questioned as to the character of the blanket, stated that she was unable to describe it. The rain continued and the respondent and Stein did not return until they were called, which was estimated by the libellant's witnesses as two hours or more, and by the respondent as about an hour. There was no testimony that the conversation or the conduct of any of the parties in the car was improper or suggestive of wrongdoing, other than what might be inferred if a blanket had been taken from the car and the above-mentioned invitation issued. Mrs. Viale had a light-colored dress on, and there is no evidence that her clothing, when she returned to the barbecue stand, was disturbed, or of any other incriminating sign. The libellant learned of the ride, and a couple of weeks later obtained a statement from the other two women who were in the car. He evidently did not attach much importance to it as he did not institute this divorce until two years later.

The burden was upon the libellant to establish a case clearly within the statute. As Judge HENDERSON, in Diehl v. Diehl, 87 Pa. Superior Ct. 545, 550, said: "It is not requisite that the actual fact of adultery be proved, but the testimony must be of such a clear and

convincing character as to leave no other conclusion in the mind of a reasonable person.'' The conduct of the respondent might have aroused the suspicions of her husband, but that is not enough. Divorce on the ground of adultery is not granted on mere surmise. There must be circumstances so convincing as reasonably to lead to a conclusion of guilt.

We have carefully scrutinized this entire record, and have reached the independent judgment that the evidence was not so clear and satisfactory as to warrant the dissolution of the marriage contract.

The decree is reversed, and the record remitted with instruction to dismiss the libel. Costs to be paid by appellee.